CHRISTINE STEULER, PLAINTIFF, v. HENRY R. HANSEN, DEFENDANT.

Submitted October term, 1927—Decided February 14, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the plaintiff, *Perkins & Drewen.*

For the defendant, *Levenson, Comen & Levenson.*

Per Curiam.

This is defendant's rule for a new trial, and the reasons urged for making the rule absolute are that the verdict was against the weight of the evidence, and in any event that it was excessive in amount. The action was to recover for services rendered by plaintiff to defendant.

The parties are sister and brother. Plaintiff had lived with her mother in a house belonging to the defendant. The mother died in January, 1916, and the defendant, who had recently separated from his wife, went to live with the sister in this house. The plaintiff's proofs are that he was in poor health and required much care and attention and that he arranged with the sister to keep house for him, take care of him, nurse him, mend his clothes and do his laundry. At the end of the first year he gave her $500 and promised her that amount so long as she continued to do for him. A like payment was made in January, 1919, and $100 in March, 1920. The relation continued until April, 1926, when, as a result of a quarrel, they separated.

The defendant denied the employment of the plaintiff, though admitting the services, and contends that the evidence did not justify a finding in her favor in view of the burden the law imposes on one so closely related to prove an express contract to pay. There is no doubt that the plaintiff was obliged to prove an express agreement (*Disbrow* v. *Durand*, 54 *N. J. L.* 343), but we think this burden was fairly met.

While the plaintiff and defendant were the sole witnesses, the evidence of the plaintiff was corroborated by the payments made and other circumstances. The jury had the opportunity to see the witnesses and to appraise their testimony and we are not disposed to disturb its finding as at variance with the proofs. The amount of the award accords with the evidence and its not excessive.

We therefore conclude that the rule for new trial should be discharged.